**Dorothy HOOTS, et al.**

v.

**COMMONWEALTH OF PENNSYLVANIA, et al.,**

**Churchill Area School District, et al.**

**School District of Edgewood, Appellant, No. 81–1691.**

**School District of Churchill Area, Appellant, No. 81–1692.**

**School District of Swissvale Area, Appellant, No. 81–1693.**

**School District of Turtle Creek Area, Appellant, No. 81–1694.**

**Swissvale Area School District, et al. Appellants, No. 81–1695.**

**Nos. 81–1691 to 81–1695.**

United States Court of Appeals, Third Circuit.

May 27, 1981.

Before SEITZ, Chief Judge, and ALDISERT, ADAMS, GIBBONS, HUNTER, WEIS, GARTH, HIGGINBOTHAM and SLOVITER, Circuit Judges.

Motion by appellants for reconsideration by the Court en banc of this Court's decision of May 13, 1981, denying motion for stay, for a stay of the District Court order of April 28, 1981, pending appeal and for oral argument on this motion,

The foregoing Motion is denied.

By the Court,

<u>John J. Gibbons</u>

Judge

ADAMS, Circuit Judge.

I would grant the school district's request for an expedited appeal as well as a stay of the dissolution and merger of the affected school districts. While I agree that planning should proceed pursuant to the order of the trial court, I believe that the dissolution and merger of the school districts should be stayed pending this Court's review of the plan endorsed by the trial court.

The standard for ascertaining the propriety of a stay, like that governing grants of preliminary injunctions contains four elements: (1) a reasonable probability of success on appeal, (2) the prospect of irreparable injury pendente lite if relief is not granted; (3) the possibility of harm to other interested persons and (4) the public interest. *Delaware River Port Auth. v. Transamerican Trailer Transport Co.*, 501 F.2d 917, 920 (3d Cir. 1974). In this case, the school districts face irreparable injury if a stay is not granted, since the district court's order calls for them to cease to exist on July 1, 1981. Moreover, once the merger of the districts is effectuated, problems inherent in any attempt to undo it—should such be mandated by this Court—may prove insurmountable. In addition to irreparable injury to the school districts, school children of those districts have an interest in receiving instruction informed by consistent application of teaching methods and educational philosophy. Some educational discontinuities will ensue if a merger plan is approved by this Court and implemented, but we increase the risk of harm to students when we allow the district court order to be enforced, while there is outstanding an appeal which, if successful, might restore the status quo ante. The public interest in the administration of justice and effectuation

of the right to appeal, a traditional right in our system of jurisprudence, also weigh in favor of staying implementation of the merger plan. Once the districts merge, they effectively may be barred from pressing their claims to this Court, inasmuch as none of the original school boards will exist to authorize or fund the appeals. In any event, the intractable problems of undoing the merger might render the appeal moot for all practical purposes. The prospect of irreparable injury, harm to third parties, and demands of public interest thus support staying the district court order. And while I cannot say at this point in the proceedings that the school districts have demonstrated a reasonable probability of success on the merits, this Court earlier has observed: "In a situation where factors of irreparable harm, interests of third parties and public considerations strongly favor the moving party, [a stay] might be appropriate 'even though plaintiffs did not demonstrate as strong a likelihood of ultimate success as would generally be required.'" *Constructors Ass'n v. Kreps*, 573 F.2d 811, 815 (3d Cir. 1978).

I am aware, of course, that in the recent vacation of the district court's denial of a preliminary injunction, the Court directed that "[u]nder no circumstances should a new school year begin in the fall of 1981 without an acceptable remedial plan in place." *Hoots v. Commonwealth of Pennsylvania, et al.*, 639 F.2d 972, 980 (3d Cir. 1980). But I believe that an expedited appeal that would enable us to hear the case within the next thirty days is, as a means of effectuating this mandate, preferable to allowing immediate consummation of the merger plan. It is also to be noted that the Commonwealth of Pennsylvania—the school districts' adversary and a prevailing party below—joins in the motion by the districts for a stay of the merger.

In contrast to actual merger, the planning ordered by the district court in my view should proceed. No irreparable injury will accrue to the school districts from such planning. Moreover, in order for the plan to go into effect for the coming school year, a detailed procedure for implementing the merger would have to be in place in the event that this Court, after hearing an expedited appeal, ratifies the district court's approval of the plan.

Judges WEIS and GARTH join in this statement.